BRIDGET BURKE *vs.* FRAM CORPORATION.

JANUARY 13, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell,.JJ.

CONDON, J. This petition for workmen's compensation was , denied and dismissed by the superior court on the ground that the injury which petitioner received by accident arising out of and in the course of her employment did not incapacitate her for work. From the final decree denying and dismissing her petition she has appealed to this court.

Petitioner contends that there is no evidence to support the finding in the decree that she was not incapacitated for work as a result of her injury, and she also contends that in any event she is entitled to reimbursement for expenses

which she incurred in the medical treatment of her injury. In order properly to evaluate those contentions we must first know the injury which petitioner received by the accident. She described it in her petition as "Injury to face and spine."

It appears from the evidence that she tripped over a box and fell striking her head in the region of the right eye. She could not recall how she fell. But in the history which, on August 29, 1947, she gave to Dr. G. Edward Crane, who examined her on behalf of the respondent, she stated that she fell forward onto her right side striking the right side of her face and her right shoulder and that she did not recall striking her back or falling on her back. The accident happened about fifteen minutes before quitting time on April 11, 1947. It appears that her only visible injury at that time was a hematoma of the right eye. After the accident petitioner was attended by the shop nurse who applied ice to her face. She then went home and remained there until April 15, 1947 when she went to her physician Dr. Edward McCaughey, who thereupon treated her only for hypertension and not for the hematoma of the right eye. Prior to the accident she had been receiving treatment from him for hypertension and for duodenal ulcer. On April 15, 1947 she complained to him for the first time of pain in her spine in the region of the coccyx and he testified that he sent her to another doctor for an X ray of her spine. That doctor did not testify.

Doctor Crane testified that in his opinion the pain in the coccyx region was not due to the accident but was probably congenital or developmental. Doctor McCaughey did not testify as to what caused the coccygeal pain but thought it might have been due to the accident. However, he did not base such opinion on any evidence that petitioner had fallen on her back. In fact he admitted that in the absence of any history of an injury in the coccyx region her deformity there, which was causing her pain so that she could not do her regular work, "must be congenital."

On all the evidence the trial justice inferred, from the absence of proof that petitioner struck "her buttocks, thigh, or any part of the coccygeal area," that she fell forward. Apparently taking such inference in connection with the medical testimony he found that the petitioner had failed to prove by a fair preponderance of the evidence that the pain in the coccygeal region of her spine was caused by the accident. He further found that the hematoma which had resulted from the accident did not in fact incapacitate her from working and therefore she was not entitled to compensation.

We are of the opinion from a careful reading of the transcript that those findings are supported by some legal evidence. In a workmen's compensation case, as is well known, we do not weigh the evidence because the statute makes the findings of fact thereon by the superior court conclusive and, in the absence of fraud, they are not subject to review by this court. No fraud is suggested here. Therefore the above findings of fact must stand.

Petitioner nevertheless contends that she is at least entitled to reimbursement for the medical expenses which she incurred and paid out of her own pocket even though it has been found that she is not entitled to compensation for incapacity. It is true that the workmen's compensation act expressly provides that the employer shall furnish medical treatment even when an injury results in no disability or in disability of less than three days. General laws 1938, chapter 300, article II, as amended by public laws 1947, chap. 1832. But the injury for which treatment is thus required must be shown to be one caused by the accident. Petitioner has not made such proof. The only injury which was thus caused, according to the evidence, was the hematoma of her right eye. That injury was not treated by her physician and there is no evidence that she otherwise was put to any expense in treating it. Her medical expenses were incurred in the treatment of the pain in the coccygeal region of her spine. Having failed to

prove to the satisfaction of the superior court that such pain was caused by the accident, petitioner was not entitled under §5 above cited to claim reimbursement for the medical expenses in treating that injury.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*William R. Goldberg,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.